IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAETTA A. HODGE,

    Plaintiff,

vs.

Civil Action 2:08-CV-1179
Judge Sargus
Magistrate Judge King

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff in this action challenges the Commissioner's denial of her application for supplemental security income. In a *Report and Recommendation* issued January 20, 2010, the Magistrate Judge recommended that the decision of the Commissioner be reversed and that the action be remanded for further consideration of plaintiff's mental impairments. *Report and Recommendation*, Doc. No. 21. This matter is now before the Court on the Commissioner's objections to that *Report and Recommendation*, Doc. No. 22, which the Court will consider *de novo*. *See* 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

At issue in this action is plaintiff's alleged mental impairments. The administrative law judge relied on the opinions of state agency reviewing psychologists to find that plaintiff's mental impairments do not meet or equal Listing 12.06 and, further, do not preclude the performance of simple and moderately complex tasks that do not more than very limited interaction with others. A.R. 24-25. Because, the vocational expert testified, such a residual functional capacity does not preclude the performance of jobs that exist in significant numbers in the national economy, the administrative law judge concluded that plaintiff is not disabled.

In recommending remand of the action, the Magistrate Judge stated as follows:

> The administrative law judge's assessment of those impairments was based entirely on the opinions of the non-examining reviewing psychologists. However, every mental health professional who has seen plaintiff has characterized her mental impairments as far more serious than did those reviewing psychologists. The administrative law judge accorded the opinions of Dr. Tilley and Mr. Rain little weight on the articulated bases that they were based on plaintiff's subjective complaints and not based upon the record as a whole. Inconsistently, however, the opinions of the reviewing psychologist necessarily did not include consideration of the substantial evidence generated after their review. Most significantly, however, the administrative law judge violated the "treating source" regulation, 20 C.F.R. §416.927(d)(2), because he nowhere considered the fact that plaintiff's mental impairments have been diagnosed and treated by her primary care physicians, one of whom characterized her as disabled by reason of those mental impairments. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

*Report and Recommendation,* p.7. In his objections, the Commissioner argues that the administrative law judge made his own independent assessment of the medical evidence and of plaintiff's credibility. *Objections,* pp. 1-2. However, that contention simply does not address the most serious defect in the administrative law judge's decision, *i.e.,* that the administrative law judge violated the "treating source" regulation, 20 C.F.R. §416.927(d)(2), because, as the Magistrate Judge noted, the administrative law judge "nowhere considered the fact that plaintiff's mental impairments had been diagnosed and treated by her primary care physicians, one of whom characterized her as disabled by reason of those mental impairments." *Report and Recommendation,* p.7.

The Court concludes that the Commissioner's objections to the *Report and Recommendation* are without merit and they are therefore **DENIED**.

In her *Memorandum contra the Commissioner's Objections,* Doc. No. 23, plaintiff asks that, upon remand, the Court direct that the

2

matter not be reassigned to the administrative law judge who issued the initial decision. The Court concludes that such a mandate, which is highly intrusive of the prerogatives of the Commissioner, is unwarranted under the facts presented in this case.

The Report and Recommendation is **ADOPTED** and **AFFIRMED**. The decision of the Commissioner of Social Security is **REVERSED** and this action is **REMANDED** to the Commissioner for further consideration of plaintiff's mental impairments.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

3-3-2010
Date

Edmund A. Sargus, Jr.
United States District Judge